**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Brenda O Valverde, | No. CV-25-03223-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. |  |
| Meta Headquarters, |  |
| Defendant. |  |

On September 4, 2025, Plaintiff Brenda O. Valverde ("Plaintiff") filed her initial Complaint and her Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* Docs. 1–2). The Court granted Plaintiff's Application but dismissed her Complaint with leave to amend. (*See* Doc. 5). Plaintiff has now filed an Amended Complaint. (Doc. 6). Accordingly, the Court will proceed to screen Plaintiff's Complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2).

## I.    Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

1    permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."

2    *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

3    　　　Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain

4    statement of the claim showing that the pleader is entitled to relief." While Rule 8 does

5    not demand detailed factual allegations, "it demands more than an unadorned, 'the

6    defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7    (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual

9    matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting

10    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the

11    plaintiff pleads factual content that allows the court to draw the reasonable inference that

12    the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

13    　　　A complaint is frivolous if it is based on a nonexistent legal interest or delusional

14    factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v.*

15    *Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged

16    are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only

17    the authority to dismiss a claim based on an indisputably meritless legal theory, but also

18    the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

19    claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

20    　　　The Court must accept all well-pleaded factual allegations as true and interpret the

21    facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428,

22    435 (9th Cir. 2000). That rule, however, does not apply to legal conclusions. *Iqbal*, 556

23    U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when

24    evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014)

25    

26    §1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners."

27    *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012)
     (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies

28    to all *in forma pauperis* complaints[.]")).

1    (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

2    **II.    Discussion**

3            Plaintiff's Amended Complaint fails to comply with the Court's prior Order and

4    only serves to reiterate her prior allegation with some added detail.  Plaintiff still seeks

5    "4.425 billion" dollars from "Meta Headquarters."  (Doc. 6 at 4).  She claims that her

6    "image, likeness, and intellect has and is [sic] being used 11/11/25 to generate false

7    images."  (*Id.*)  Plaintiff requests ".59 ¢ to every dollar Meta has earned from past ("launch

8    of") to present."  (*Id.*)  These claims were present in Plaintiff's initial Complaint.  (*See*

9    Doc. 1 at 4).

10           In her Amended Complaint, Plaintiff adds that artificial intelligence is the cause of

11   the alleged infringements.  (*Id.* at 6).  Plaintiff further claims that "[a]s a citizen of the

12   United States of America [she has] the right to privacy," and "[a]s a child of God [she has]

13   the right to speak."  (*Id.*)  As a result of Meta's alleged infringement of her image and

14   likeness, Plaintiff is "having an identity crisis," and said infringement "insults [Plaintiff's]

15   intelligence[.]" (*Id.* at 7).

16           The Court finds that Plaintiff's Complaint is frivolous and fails to state a claim upon

17   which relief may be granted.  A "finding of factual frivolousness is appropriate when the

18   facts alleged rise to the level of the irrational or the wholly incredible, whether or not there

19   are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504

20   U.S. 25, 33 (1992) (dismissal also appropriate when the facts alleged are "clearly baseless,"

21   "fanciful," "fantastic," and/or "delusional.").  Although artificial intelligence is new and

22   developing technology, Plaintiff's unsubstantiated claims about Meta's use of artificial

23   intelligence lack any specificity or detail that would give rise to a plausible claim.  *Doe v.*

24   *Universal Music Group*, 2025 WL 3251433, *7 (D. Nev. 2025) ("Plaintiff fails to offer

25   sufficient facts regarding the actual use of artificial intelligence, the fact that consumers

26   did not know or expect that artificial intelligence was being utilized, or that it resulted in

27   actual damages to himself or other consumers.")  Moreover, Plaintiff's relies vaguely on

28   her right to privacy and rights "[a]s a child of God" (Doc. 6 at 6), and the elements of any

claim are not pled.  Even liberally construed, Plaintiff's allegations fail to establish a claim. *See Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368 (9th Cir. 1987) ("An in forma pauperis complaint is frivolous if it had no arguable substance in law or fact.") (internal quotations omitted).  Because Plaintiff's amendments failed to remedy the Complaint's deficiencies, Plaintiff's Amended Complaint is dismissed.

Furthermore, despite Federal Rule of Civil Procedure 15(a)'s mandate to freely allow leave to amend, "[t]here is no reasonable basis for concluding that amendment could cure this complaint so leave to amend is inappropriate." *Marcos-Chavela v. Utah*, 2022 WL 3018242, *2 (W.D. Wash. 2022); *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 6) is **DISMISSED** without leave to file a second amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to terminate this matter.

Dated this 15th day of December, 2025.

Honorable Diane J. Humetewa
United States District Judge

- 4 -